UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ALIREZA KAFAIE LOFTI, <br><br> Plaintiff, <br><br> v. <br><br> CORI BIGGS, et al., <br><br> Defendants. | **REPORT AND RECOMMENDATION TO DISMISS ACTION WITH PREJUDICE** <br><br> Case No. 2:22-cv-00404 <br><br> District Judge Tena Campbell <br><br> Magistrate Judge Daphne A. Oberg |

On June 16, 2022, pro se Plaintiff Alireza Kafaie Lofti filed this action pursuant to 42 U.S.C. § 1983, alleging three causes of action: obstruction of justice/tampering with data, excessive force, and falsification under oath.[1] Where Mr. Lofti has failed to comply with four court orders and, more generally, failed to prosecute his case, the undersigned[2] recommends the district judge dismiss the action with prejudice.

BACKGROUND

Mr. Lofti first filed this action against Cori Biggs, Steven Shapiro, Judge James Blanch, Laina Arras, and the South Salt Lake Police Department.[3] Defendants Shapiro, Arras, and

---

[1] (Compl., Doc. No. 1.)

[2] On July 28, 2022, this case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 18.)

[3] (Compl., Doc. No. 1.)

1

Blanch filed motions to dismiss in July of 2022[4] which were terminated as moot[5] when Mr. Lofti filed an amended complaint on September 19, 2022.[6] Mr. Lofti's amended complaint replaced South Salt Lake Police Department with Sandy City Police Department as a defendant.[7]

Defendants Shapiro, Arras, and Blanch filed renewed motions to dismiss in response to Mr. Lofti's amended complaint.[8] Mr. Lofti filed no response to these motions. On November 15, 2022—forty-one days after Mr. Shapiro filed his motion to dismiss and thirty-four days after Ms. Arras filed her motion to dismiss—the court ordered Mr. Lofti to "show cause why Defendant Steven Shapiro's motion to dismiss filed October 5, 2022, and Defendant Laina Arras's motion to dismiss filed October 12, 2022, should not be granted."[9] Mr. Lofti was ordered to file a response to the motions by December 6, 2022 and was informed that failure to do so "may result in a recommendation to dismiss Plaintiff's claims against Mr. Shapiro and Ms. Arras."[10] Mr. Lofti did not respond by the deadline set in the court's order or anytime thereafter.

---

[4] (Def. James Blanch's Mot. to Dismiss for Failure to State a Claim, Doc. No. 11; Def. Laina Arras' Mot. to Dismiss, Doc. No. 14; Def. Steven Shapiro's Mot. to Dismiss, Doc. No. 16.)

[5] (Doc. No. 31.)

[6] (Doc. No. 23.)

[7] (Am. Compl., Doc. No. 21.) Mr. Lofti filed his amended complaint without court leave. Because Mr. Lofti proceeds pro se, the court construed the filing liberally and granted leave to file an amended complaint. (Order Granting Motion for Leave to Amend Compl., Doc. No. 25.) Accordingly, the amended complaint is the operative complaint in this case. (Id.)

[8] (Def. Steven Shapiro's Renewed Mot. to Dismiss, Doc. No. 27; Def. Laina Arras' Renewed Mot. to Dismiss, Doc. No. 28; Def. James Blanch's Renewed Mot. to Dismiss for Failure to State a Claim, Doc. No. 38.)

[9] (Order to Show Cause, Doc. No. 42.)

[10] (Id.)

Similarly, on December 13, 2022—thirty-seven days after Judge Blanch filed his motion to dismiss—the court ordered Mr. Lofti to "show cause why Defendant James Blanch's motion to dismiss filed November 6, 2022, should not be granted."[11]  Mr. Lofti was ordered to file a response to the motion by January 3, 2022 and was advised that failure to file a response "may result in a recommendation to dismiss Plaintiff's claims against Mr. Branch."[12]  Mr. Lofti did not file responses by the deadline set in the court's order or anytime thereafter.

On December 22, 2022, the court noted deficiencies regarding the proof-of-service documents Mr. Lofti filed with respect to Defendants Cori Biggs and Sandy City Police Department.[13]  Outlining the deficiencies and providing instructions for effectuating service, the court ordered Mr. Lofti to file proof of proper service within forty-five days.[14]  The court again informed Mr. Lofti that "failure to do so may result in the dismissal of this action."[15]  Mr. Lofti did not file proof of proper service by the deadline set in the court's order.  Noting this lack of response, on February 10, 2023, the court ordered Mr. Lofti to "show cause why this case should not be dismissed for failure to serve or failure to prosecute."[16]  Mr. Lofti was ordered to file proof of proper service upon Cori Biggs and Sandy Police Department or file a document setting

---

[11] (Order to Show Cause, Doc. No. 43.)

[12] (*Id.*)

[13] (Order to Complete Proper Service Within 45 Days, Doc. No. 46; *see also* Summons Returned Executed as to Cori Biggs, Doc. No. 29; Summons Returned Executed as to Sandy City Police Department, Doc. No. 30.)

[14] (Order to Complete Proper Service Within 45 Days, Doc. No. 46.)

[15] (*Id.*)

[16] (Order to Show Cause, Doc. No. 47.)

forth good cause for his failure to serve by February 24, 2023.[17]  Again, the court informed Mr. Lofti that "[f]ailure to do so may result in a recommendation that this case be dismissed."[18]  Mr. Lofti did not file any responsive documents by the deadline set in the court's order or anytime thereafter.

The last communication from Mr. Lofti was more than four months ago, on October 25, 2022, when he filed an objection[19] which the court reviewed and determined did not warrant a response.

## LEGAL STANDARDS

Rule 41(b) of the Federal Rules of Civil Procedure establishes the court's authority to dismiss a case with or without prejudice for failure to prosecute.  This rule states that if a plaintiff fails to prosecute or comply with federal rules or court orders, the defendant "may move to dismiss the action or any claim against it."[20]  But "Rule [41(b)] has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute."[21]  Additionally, the District of Utah's local rules provide: "[a]t any time, the court may issue an order to show cause requiring a party seeking affirmative relief to explain why the case should not be dismissed for lack of prosecution."[22]  And "[i]f the party does not show good cause, [the judge] may enter

---

[17] (*Id.*)

[18] (*Id.*)

[19] (Doc. No. 35.)

[20] Fed. R. Civ. P. 41(b).

[21] *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (alteration in original) (internal quotation marks omitted).

[22] DUCivR 41-2.

4

an order of dismissal" which "may be with or without prejudice, as the court deems proper."[23] Because Mr. Lofti is a pro se litigant, he is held to a less stringent standard than a licensed attorney,[24] but he must still "follow the same rules of procedure that govern other litigants."[25]

ANALYSIS

When dismissing with prejudice under Rule 41(b), the court must consider the five *Ehrenhaus* factors: (1) "the degree of actual prejudice to the defendant," (2) "the amount of interference with the judicial process," (3) "the culpability of the litigant," (4) "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance," and (5) "the efficacy of lesser sanctions."[26]

As the record shows, Mr. Lofti has failed to comply with court orders and, more generally, failed to prosecute his case. First, Mr. Lofti failed to respond to two orders to show cause regarding Mr. Shapiro's, Ms. Arras', and Judge Blanch's motions to dismiss, even after being warned noncompliance could result in an order or recommendation for dismissal. Then, Mr. Lofti failed to comply with the court's order to complete proper service and subsequent orders to show cause, again despite warnings that noncompliance could result in an order or recommendation for dismissal. To sum up, Mr. Lofti has failed to take any action in this case in more than four months despite the court's repeated orders.

---

[23] *Id.*

[24] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[25] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

[26] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks omitted).

Under *Ehrenhaus*, dismissal with prejudice for failure to prosecute and failure to follow the court's orders is warranted. The first *Erhenhaus* factor is neutral, while the others weigh against Mr. Lofti. First, the degree of actual prejudice to the defendants weighs neutrally. There is no prejudice to defendants Briggs and Sandy City Police Department since they have yet to be served, but defendants Shapiro, Arras, and Blanch have been trying to resolve the case since shortly after it was filed. Defendants Shapiro, Arras, and Blanch filed motions to dismiss in July 2022,[27] then filed new motions to dismiss in October 2022,[28] which have gone unanswered. Accordingly, these defendants have suffered some prejudice, but the overall weight of this factor is neutral.

Second, the interference with the judicial process is considerable where the court has been unable to communicate with Mr. Lofti for many months. Mr. Lofti's failure to respond to court orders has taken the court's time and attention away from other matters which deserve prompt resolution.[29] Third, although Mr. Lofti proceeds pro se and must be afforded some leniency, he is nevertheless responsible for failure to comply with the court's orders. Fourth, the court has repeatedly warned Mr. Lofti the case could be dismissed for failure to comply with the

---

[27] (*See* Def. James Blanch's Mot. to Dismiss for Failure to State a Claim, Doc. No. 11; Def. Laina Arras' Mot. to Dismiss, Doc. No. 14; Def. Steven Shapiro's Mot. to Dismiss, Doc. No. 16.)

[28] (*See* Def. Steven Shapiro's Renewed Mot. to Dismiss, Doc. No. 27; Def. Laina Arras' Renewed Mot. to Dismiss, Doc. No. 28; Def. James Blanch's Renewed Mot. to Dismiss for Failure to State a Claim, Doc. No. 38.)

[29] *See Sanchez v. Beaver Cnty. Sheriff*, 856 F. App'x 777, 779 (10th Cir. 2021) (unpublished) (finding no abuse of discretion in district court's finding that a plaintiff's failure to comply with court orders "caused the Court and staff to spend unnecessary time," "increased the workload of the Court," and took "its attention away from other matters" (internal quotation marks omitted)).

court's orders. Finally, lesser sanctions are unlikely to be effective where, despite repeated opportunities, Mr. Lofti has not responded to the court's communications regarding this case.

Where the majority of the *Ehrenhaus* factors weigh against Mr. Lofti, dismissal with prejudice is warranted based on Mr. Lofti's failure to prosecute and failure to comply with court orders.

## RECOMMENDATION

Because Mr. Lofti has failed to comply with court orders and failed to prosecute his case, the undersigned RECOMMENDS the district judge dismiss the action with prejudice. The court will send this Report and Recommendation to all parties who have appeared, including Mr. Lofti at his last known address, and the parties are notified of their right to object to it.[30] Any objection to this Report and Recommendation must be filed within fourteen days. Failure to object may constitute waiver of objections upon subsequent review.

DATED this 13th day of March, 2023.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[30] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).