IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALIREZA KAFAIE LOFTI,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CORI BIGGS, et al.,<br><br>　　　　　　Defendants. | **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**<br><br>Case No. 2:22-cv-00404-TC-DAO<br><br>District Judge Tena Campbell<br>Magistrate Judge Daphne A. Oberg |

Before the court is Magistrate Judge Daphne A. Oberg's unobjected-to Report and Recommendation. R. and R., ECF No. 48. Judge Oberg recommends the court dismiss this action with prejudice. Id. at 7. For the reasons discussed below, the court adopts Judge Oberg's Report and Recommendation in full and dismisses the case with prejudice.

I.   BACKGROUND

Mr. Lofti, acting pro se, filed this 42 U.S.C. § 1983 action on June 16, 2022. Compl., ECF. No. 1. This case was referred to Judge Oberg under 28 U.S.C. § 636(b)(1)(B) on July 28, 2022. ECF No. 18.

　　a.   Mr. Shapiro, Ms. Arras and Judge Blanch's Motions to Dismiss.

Mr. Lofti filed his action against Cori Biggs, Steven Shapiro, Judge James Blanch, Laina Arras and the South Salt Lake Police Department. Compl., ECF No. 1. He amended his complaint to replace South Salt Lake Police Department with Sandy City Police Department as a defendant on September 16, 2022. Am. Compl., ECF. No. 21.[1] Mr. Shapiro, Ms. Arras and Judge Blanch then each filed a motion to dismiss. Renewed Mots. to Dismiss, ECF No. 27 (Mr.

---

[1] Reflecting the filing of the amended complaint, Judge Oberg terminated as moot then-pending motions to dismiss filed by Mr. Shapiro, Ms. Arras and Judge Blanch. Order Terminating Motions to Dismiss, ECF No. 31 (terminating motions at ECF Nos. 11, 14, 16 and 24).

Shapiro, filed Oct. 5, 2022), ECF No. 28 (Ms. Arras, filed Oct. 12, 2022), and ECF No. 38 (Judge Blanch, filed Nov. 6, 2022). Mr. Lofti did not respond to these motions.

Because of Mr. Lofti's failure to respond to Mr. Shapiro and Ms. Arras' motions to dismiss, on November 15, 2022, Judge Oberg ordered Mr. Lofti to show cause why these two motions to dismiss should not be granted. Order to Show Cause (Nov. 15 OSC), ECF No. 42. The Nov. 15 OSC came forty-one days after Mr. Shapiro filed his motion to dismiss and thirty-four days after Ms. Arras filed her motion to dismiss. See id. It noted the deadline for Mr. Lofti to respond to these two motions had passed and ordered Mr. Lofti to file his response to the motions to dismiss by December 6, 2022. Id. The Nov. 15 OSC also warned Mr. Lofti that his failure to file a response to the motions "may result in a recommendation to dismiss [his] claims against Mr. Shapiro and Ms. Arras." Id. Mr. Lofti has not responded to these two motions.

Similarly, because of his failure to respond to Judge Blanch's motion to dismiss, on December 13, 2022, Judge Oberg ordered Mr. Lofti to show cause why the motion to dismiss should not be granted. Order to Show Cause (Dec. 13 OSC), ECF No. 43. The Dec. 13 OSC noted the deadline for Mr. Lofti to respond to the motion had passed and ordered Mr. Lofti to file a response to the motion to dismiss by January 3, 2022. Id.[2] The Dec. 13 OSC also warned Mr. Lofti that his failure to respond to the motion to dismiss may result in a recommendation to dismiss his claims against Judge Blanch. Id. Mr. Lofti has not responded to this motion.

      a. <u>Proof-of-Service Deficiencies For Ms. Biggs and Sandy Police Department.</u>

In her Order from December 22, 2022, Judge Oberg noted that service on two defendants, Cori Biggs and Sandy City Police Department, was deficient. Order to Complete Proper Service

---

[2] Presumably, Judge Oberg meant January 3, <u>2023</u>. However, this error does not change the court's analysis because the deadline for Mr. Lofti to respond to Judge Blanch's motion has passed, and Mr. Lofti still has not responded to Judge Blanch's motion to dismiss.

Within 45 Days, ECF No. 46.  Judge Oberg also noted that "where a district court fails to provide specific instructions about how to correct deficient service of process, it is understandable that a pro se litigant might fail to fulfill Rule 4's service requirements." Id. at 2 (quoting Conley v. Pryor, No. 11-3200, 2015 WL 413638, at *4 (D. Kan. Jan. 30, 2015), aff'd, 627 F. App'x 697 (10th Cir. 2015) (cleaned up)).  Reflecting this, she described the deficiencies in Mr. Lofti's service of process and laid out instructions telling him how to correct them, and she extended the deadline for Mr. Lofti to complete service for these two defendants. Id. at 2–5.  Judge Oberg also ordered that Mr. Lofti must complete service of these two defendants "consistent with the above rules, and file proof of such service within forty-five (45) days of this order. . . . [And, Judge Oberg warned that f]ailure to do so may result in the dismissal of this action." Id. at 5.

      Mr. Lofti did not file proof of service within the forty-five days.  In light of his failure to file proof of proper service as ordered, on February 10, 2023, Judge Oberg ordered Mr. Lofti to show cause why this case should not be dismissed for failure to serve or failure to prosecute.  Order to Show Cause (Feb. 10 OSC), ECF No. 47.  The Feb. 10 OSC noted that the deadline for Mr. Lofti to complete proper service of these two defendants had passed. Id.  It also ordered Mr. Lofti to file, by February 24, 2023, either (a) proof of proper service upon Ms. Biggs and the Sandy Police Department or (b) a document laying out good cause for Mr. Lofti's failure to serve. Id.  The Feb. 10 OSC warned Mr. Lofti that his failure to do so "may result in a recommendation that this case be dismissed." Id.  Mr. Lofti did not file any documents that are responsive to the Feb. 10 OSC by the February 24 deadline set in the court's order.  The last communication from Mr. Lofti was on October 25, 2022.  R. and R. 4, ECF No. 48.

      Reflecting Mr. Lofti's failure to respond to the court's orders and his failure to prosecute, Judge Oberg issued her Report and Recommendation on March 13, 2023. Id.  It recommends

3

Mr. Lofti's case be dismissed with prejudice under Federal Rule of Civil Procedure 41(b). Id. at 7. It also notes that any objection must be filed within 14 days, and that failure to object may constitute waiver of objections upon review. Id. Mr. Lofti has not filed any objection.

## II.     LEGAL STANDARD

Mr. Lofti proceeds pro se. The court liberally construes pro se pleadings, but a plaintiff's pro se status does not excuse their obligation to comply with the fundamental requirements of the Federal Rules of Civil Procedure. Jenkins v. Haaland, No. 2:21-cv-00385, 2023 WL 196159, at *2 (D. Utah Jan. 17, 2023) (citing Ogden v. San Juan Cty., 32 F.3d 452, 455 (10th Cir. 1994)).

Mr. Lofti has not objected or responded to Judge Oberg's Report and Recommendation. The court reviews an unobjected-to report and recommendation for clear error. See id. at *2, *4.

## III.    ANALYSIS

Judge Oberg recommends dismissal under Rule 41(b). R. and R. 4–7, ECF No. 48. "Rule [41(b)] has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962)). The District of Utah's local rules also enable the court to, at any time, "issue an order to show cause requiring a party seeking affirmative relief to explain why the case should not be dismissed for lack of prosecution." DUCivR 41-2. Under this local rule, if the party does not show good cause, the court may enter an order of dismissal. Id. The dismissal "may be with or without prejudice, as the court deems proper." Id.

Courts consider five factors when considering dismissal under Rule 41(b): (1) "the degree of actual prejudice to the defendant," (2) "the amount of interference with the judicial process," (3) the litigant's culpability, (4) "whether the court warned the party in advance that dismissal of

4

the action would be a likely sanction for noncompliance," and (5) "the efficacy of lesser sanctions." Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (cleaned up); Nguyen v. Utah, No. 2:21-cv-586, 2023 WL 143174, at *1 (D. Utah Jan. 10, 2023) (applying Ehrenhaus factors in assessing dismissal of action under Rule 41(b)).  These factors "are not 'a rigid test; rather, they represent criteria for the district court to consider [before] imposing dismissal as a sanction.'" Nguyen, 2023 WL 143174, at *1 (citing Ehrenhaus, 965 F.2d at 921).  "[T]he Tenth Circuit has 'repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders.'" Id. at *4 (quoting Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992)).  But "[d]ismissal with prejudice is appropriate only when these factors overshadow the judicial system's strong preference to decide cases on the merits." Id. at *1.

Judge Oberg made no clear error in determining that the majority of the Ehrenhaus factors weigh against Mr. Lofti and that in this case a lesser sanction than dismissal with prejudice would not serve the best interests of justice.  "[D]ismissal of an action with prejudice is a severe sanction." DeBardeleben v. Quinlan, 937 F.2d 502, 504 (10th Cir. 1991) (citing Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1984)).  But Mr. Lofti repeatedly failed to obey court orders or to prosecute his case, despite having received many warnings that he must do so to avoid this action's dismissal.  Consequently, Judge Oberg did not clearly err in recommending this case be dismissed with prejudice.

**IV.   ORDER**

The court has carefully reviewed the Report and Recommendation and the docket.  It is satisfied that Judge Oberg properly applied the law in this case, and the court discerns no clear error.  For that reason, the court ADOPTS the Report and Recommendation (ECF No. 48) in its entirety and DISMISSES WITH PREJUDICE Mr. Lofti's claims.

DATED this 5th day of April, 2023.

                                          BY THE COURT:

                                          TENA CAMPBELL
                                          United States District Judge