IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALIREZA KAFAIE LOFTI,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CORI BIGGS, et al.,<br><br>　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION [ECF NO. 51]**<br><br>Case No. 2:22-cv-00404-TC<br><br>District Judge Tena Campbell |

　　　　On April 5, 2023, the court adopted Magistrate Judge Daphne A. Oberg's unobjected-to Report and Recommendation, (R. and R., ECF No. 48 (issued March 13, 2023)), and dismissed this case with prejudice under Federal Rule of Civil Procedure 41(b), (ECF Nos. 49 and 50). On April 11, 2023, Mr. Lofti filed a motion titled "Motion to/for amended complaint." (ECF No. 51) ("the Motion"). However, in the Motion, Mr. Lofti does not make any arguments about amending his complaint. Instead, Mr. Lofti states that he was in jail from December 29, 2022 until March 24, 2023, also says "therefor [sic] I was unable to meet the January/03/2023 Deadline," and asks the court to "Please reconsider case and reopen it." (See Mot. Reopen, ECF No. 51).[1]

　　　　The court must construe the Motion liberally because Mr. Lofti is proceeding pro se. White v. Nurse (Edith), No. 10-CV-01016, 2010 WL 2696673, at *1 (D. Colo. July 7, 2010) (citing Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)). "A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may 'file either a motion to alter or amend the

---

[1] Mr. Lofti also notes he is "under Ap&p and complying with their rules." Id. By this, the court interprets Mr. Lofti to mean that he is being supervised by the Utah Department of Corrections' Adult Probation and Parole. Mr. Lofti does not clarify how this is relevant to the motion at hand.

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b).'" Id. (quoting Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991)). Mr. Lofti filed the Motion within 28 days of when the court entered its judgment. See Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). As a result, the court construes Mr. Lofti's Motion as a motion to alter or amend a judgment under Rule 59(e). See White, 2010 WL 2696673, at *1 (construing pro se motion titled "Motion to Re-open Case," which requested reconsideration of dismissal of an action, as a motion to consider under Rule 59(e)).

Construing the Motion liberally, the court finds that the Motion states no basis for the court to reconsider dismissal or reopen Mr. Lofti's case. "The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Id. (citing Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)). "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." Servants of the Paraclete, 204 F.3d at 1012 (citing Fed. R. App. P. 40(a)(2); Van Skiver, 952 F.2d at 1243) (cleaned up).

Mr. Lofti points to no change in controlling law or new evidence. Similarly, Mr. Lofti does not point to any error that has occurred. Reviewing the record, the court does not find one has occurred, so it finds no need to correct a clear error. Finally, the court finds no need to prevent manifest injustice; no such injustice has occurred in this case. The court dismissed under "Rule 41(b)[, which] specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure." Handy v. Maximus Inc., No.

21-1192, 2022 WL 405460, at *3 (10th Cir. Feb. 10, 2022) (unpublished) (quoting <u>Nasious v. Two Unknown B.I.C.E. Agents</u>, 492 F.3d 1158, 1161 (10th Cir. 2007)).  Rule 41(b) also allows a court to dismiss an action for a plaintiff's failure to prosecute or comply with court orders.  <u>Olsen v. Mapes</u>, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

As the court explained in its Order adopting Judge Oberg's Report and Recommendation and dismissing this action with prejudice, Mr. Lofti failed to respond to motions to dismiss, failed to abide by Federal Rule of Civil Procedure 4's service requirements even after Judge Oberg instructed him on how to comply, and failed to respond to the court's orders to show cause.  (<u>See</u> Order, ECF No. 49).  To be clear, he failed to respond to multiple court orders, he did not only miss the January 3 deadline.  To the extent Mr. Lofti objects to Judge Oberg's Report and Recommendation, his arguments are untimely; Mr. Lofti says he was released from jail on March 24, 2023, which was before the expiration of the 14-day objection period noted by Judge Oberg, yet he still failed to object to her recommendation of dismissal.  (<u>See</u> R. and R., ECF No. 48 ("Any objection to this Report and Recommendation must be filed within fourteen days. Failure to object may constitute waiver of objections upon subsequent review.")); <u>see also</u> Fed. R. Civ. P. 6(a)(1) (explaining method of computing time), 6(d) (adding three days to response period when service occurs by certain means including mail).

For the reasons discussed above, it is ORDERED that Mr. Lofti's Motion (ECF No. 51) is DENIED.

DATED this 13th day of April, 2023.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge